## A CLAIM FOR RENT IS A CLAIM FOR NECESSARIES.

Circuit Court of Cuyahoga County.

### T. H. SHIPMAN v. J. W. STONE.*

Decided, March 11, 1907.

*Attachment—Where Rent a Necessity.*

Rent due under a contract of lease of apartments as a place of residence, is a claim for necessaries, even though the tenant surrenders the premises before the beginning of the final month and the landlord re-rents the premises for a portion of that month.

*L. B. Ware,* for plaintiff in error.
*Howland & Niman,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This is a proceeding to reverse an order of the Common Pleas Court of Cuyahoga County, overruling a motion to discharge an attachment issued by a justice of the peace on a claim for necessaries. The agreed statement of facts, contained in the bill of exceptions, advises us that:

"On February 1, 1906, the plaintiff by his agent H. R. Crow, entered into a written lease with the defendant, and agreed to rent to him suite No. five (5) in the 'Helberta' apartment house, as a place of residence for himself and family, for the term of six months for the sum of one hundred and thirty-two ($132) dollars, which sum was to be paid by the defendant, in installments of twenty-two ($22) dollars a month, on the first of each and every month in advance.

"The defendant is a resident of the state of Ohio, and a married man, and the head of a family and its support, and the wages, of which ten per cent. is sought to be attached, were earned during the month ending August 18, 1906, and are necessary for the support of himself and his family, and he claims the same as exempt from execution. He has no homestead.

"The defendant continued to occupy the premises until the 18th day of June, 1906, at which time the defendant moved out of the premises, and at the time of the moving he gave two notes

*Affirmed without opinion, *Shipman* v. *Stone.* 80 Ohio State, 715.

to the plaintiff, one of twenty-two dollars securing the June rent, and the other twenty-two dollars securing the July rent. The first note for the June rent was paid at maturity. The defendant refused to pay the second note. The lease expired on July 31, 1906.

"The plaintiff without any authority from the defendant, proceeded to rent the premises after they were vacated, to a new tenant. This was done July 1, 1906, but said new tenant did not move in until the 9th day of July, for the rent had already been paid by him for the month of July, but all the money received by the plaintiff from the new tenant for July was seven dollars and fifty ($7.50) cents, he being allowed by plaintiff to occupy the premises during the entire month of July if he saw fit, as an inducement to rent the said premises. Suit was brought by the plaintiff to collect fourteen dollars and fifty ($14.50) cents, being the difference between what the defendant should have paid and what the new tenant actually paid for the remainder of the term of six months. The plaintiff had no other opportunities to rent the premises after they were vacated by defendant."

In the case of *Smith* v. *Getz*, decided by this court on March 15, 1904, we held:

"A month's rent for a dwelling-house occupied by a man and his family is a claim for necessaries, and as such ground for attachment, as provided in Section 552, Revised Statutes, and does not lose its character as a claim for necessaries, by the tenant moving out during the month and renting and occupying another house."

Counsel for plaintiff in error most ingeniously distinguishes the Smith case from the case at bar, as follows:

"In the case of *Smith* v. *Getz*, can anything be found in the opinion of the court that decided that when the dwelling is re-rented to a new tenant, that during the time it is occupied by the new tenant, it is a necessary within the meaning of the statute to the old tenant? Can it be said that during the month of July it was a necessary both to the new tenant and the plaintiff in error? On the contrary, the court uses the expression 'when a reasonable amount of necessaries are furnished,' not contracted to be furnished. It is the law of sales in Ohio, that upon a failure of the vendee to receive the goods from the vendor, he has two remedies, either to keep the goods and sue for the difference in the price or deliver the goods to the vendee and sue for

the contract price; no one has ever thought of bringing an attachment in this kind of a case. If the defendant in error is endeavoring to make the plaintiff in error pay for necessaries that never were furnished, but afterwards sold at a loss, the defendant in error's remedy is by a suit for damages for the loss sustained.''

The trouble with this suggestion is that it assumes that the action brought by the defendant in error in the justice court was for damages for breach of the lease contract, whereas it appears to be an action on the contract for rent.

The affidavit alleges that the action is brought ''for rent of a suite of rooms.'' The agreed statement of facts bears out the claim. The fact that the tenant gave notes for the unexpired term of the lease shows that he did not consider the contract rescinded. The landlord's renting to another for a part of the unexpired term of itself raises no conclusive implication that he considered the contract rescinded. To hold a tenant who abandons possession of the premises responsible for the rent for the balance of his term, the landlord is not bound to let the premises remain idle.

It is the landlord's moral duty, if not his legal duty, to ease the tenant by reletting for the best rent he can get, and his so doing does not of itself work a surrender of the lease.

That there may a surrender of the lease, both parties must agree to it. See cases cited in 32 American Digest, Century Edition, 871.

Considering as we do, that the action here brought was for rent under the contract of lease, and not for damages for breach of the lease, it follows, in consonance with our former ruling, that the claim is for necessaries within the purview of the statute, and the judgment is affirmed.